COOK *et al. v.* COOK *et al.*

(*Circuit Court, S. D. New York.* March 17, 1888.)

**1. EXECUTORS AND ADMINISTRATORS—INVESTMENTS—IN BONDS OF FOREIGN CORPORATION.**

An investment of trust funds by a New York administrator with the will annexed, in mortgage bonds of a Pennsylvania corporation, made without order of court, is not good as against the New York beneficiaries; and if such bonds prove to be worthless, the administrator, or, he being dead, his estate in the hands of his sole legatee and devisee, is liable for the loss.

**2. SAME—WASTE—LIABILITY OF EXECUTOR'S ESTATE—MEASURE OF RECOVERY.**

A bill by the life-tenant and remainder-men in fee of a sum of money, to subject the estate of the administrator in the hands of his sole legatee and devisee to the payment of a *devastavii* wrought by him, set out the loss at $8,000. The answer of the administrator's executor, and of his co-administrator, admitted that that was the amount received, but the answer of the legatee-devisee put it at "about $7,000." The *corpus* of the fund was $7,072.02, and there was no positive proof that the administrator in fault had received more than that sum. It was in evidence that the last payment of interest to the life-tenant was made in 1884. *Held,* that the measure of recovery against the estate in the hands of the legatee and devisee was the original *corpus,* viz., $7,072.02, with lawful interest thereon for 1884 and each year thereafter, compounded annually.

**3. SAME—MARSHALING ASSETS.**

Where the sole legatee and devisee of a defaulting administrator has disposed of all the real estate gotten under his will, and the personal estate remaining in her hands is sufficient to make good the *devastavit,* a decree will not go against the real estate, and this is especially so where the grantee of such real estate is not a party to the bill.

**4. SAME—RIGHTS OF CO-ADMINISTRATOR.**

A decree in favor of the life-tenant and his children, remainder-men in fee of a sum of money, went against the estate of the administrator with the will annexed for a *devastavit* wrought by him. To this bill a co-administrator was a party, but there was nothing beyond his refusal to proceed against the estate to show that he was not a proper person to receive the money awarded by the decree. In addition, the trust fund was to go over upon the death of the life-tenant without children. *Held,* in New York,—where the appointment and removal of such administrators, and the proper management of the funds in their hands, are for the surrogate's court,—that the federal circuit court would not take the matter out of the surviving administrator's hands in advance of any action by the surrogate, but that the money should be paid to him.

**5. DESCENT AND DISTRIBUTION—LIABILITIES OF HEIRS AND DEVISEES—EQUITY PRACTICE IN FEDERAL COURTS—FOLLOWING STATE LAWS.**

Under Code Civil Proc. N. Y. § 1841, for a creditor of the estate to recover against a legatee it is only necessary to show that no assets have been delivered to a surviving consort or next of kin, and under sections 1844, 1848, 1849, to recover against a devisee it must be shown that three years have elapsed without grant of letters, or after such grant, before suit, and that the debt cannot be collected of any heir, or in the surrogate's court, against the executor or against any other distributee, with any degree of diligence. *Held,* that these provisions did not, except so far as the rights of the parties arising therefrom were concerned, govern the practice in equity in such cases of the federal courts sitting in that state.

**6. SAME—ACTION AGAINST SOLE LEGATEE—PLEADING.**

A bill by the life-tenant and remainder-men in fee of a sum of money alleged that the will creating the trust fund had directed that it be invested; that H., who, with C., was administrator with the will annexed, had put the money in United States bonds, which he subsequently sold and then reinvested the proceeds in mortgage bonds of a foreign corporation, and that these bonds turned out to be worthless; that H. had died testate, one N. being his sole legatee and devisee, and that his estate had been wound up and turned over to said

N., leaving the debt to the trust fund unpaid, and that C., the surviving administrator, had refused to proceed. To this bill, which was brought more than three years after the grant of letters upon H.'s estate, C., N., and the executor of H. were all made parties. There was no demurrer, and the answer admitted the allegations of the bill. *Held*, that the estate in the hands of N. was liable and that the bill was sufficient, under the laws of New York, to support a decree against her; it being apparent that no assets had gone to a wife or next of kin that ought to be reached before the interest of N., and that the debt could not be collected of any heir or in the surrogate's court against the executor of H., or against any other distributee, with any degree of diligence.

In Equity.    Bill for the appointment of a receiver or trustee.

*L. A. Fuller*, for complainant, W. H. H. Cook.

*Chas. P. Buckley*, for defendant George I. Cook.

*John Vincent*, for defendant Deborah C. Newton.

WHEELER, J.    The pleadings and proofs show that the defendant George I. Cook and John C. Hewitt were administrators with the will annexed of Mary Cook, who had died at New York, and in her will had directed that one-third of her estate, found to be $7,072.02, be invested, and the interest of it paid annually to the orator during his life, and the principal to his children, if any, at his decease; that it was invested in United States bonds, which were in the hands of Hewitt, and which he converted into money, and invested the money in eight mortgage bonds of the Kemble Coal & Iron Company, a corporation of the state of Pennsylvania, of $1,000 each, purporting to bear interest at 7 per cent.; that he paid the interest of these bonds to the orator while he lived; that he died on the 17th day of December, 1882, leaving a will of real and personal estate devised and bequeathed solely to the defendant Deborah C. Newton, his sister, and making the defendant Wight executor; that Wight became qualified as executor, and took possession of the estate, including these bonds, on January 20, 1883, and paid the interest from them of that year to the orator, and offered them to him as belonging to the trust, and they were refused; that they were worthless, and no interest was paid on them in 1884, and they were delivered to the officers of the company to be used in reorganization; that the defendant Newton received as legatee of Hewitt in money $3,782.15; in other personal property, $4,935; in all of personalty, $8,717.15; and as devisee a house and lot, No. 136 West Twenty-Third street, which she has sold and conveyed for $29,500; that this was all that remained of the estate after payment of other debts and expenses; and that the orator requested the defendant Cook to proceed as surviving administrator to recover this fund of the estate of Hewitt, which, under the advice of counsel, he refused to do. This suit was brought April 11, 1887, to compel the defendant Newton to refund or pay this amount, with arrears of interest, and to charge it upon the real estate, and for the appointment of a receiver or trustee to carry out the bequest.

Counsel on behalf of the defendant Newton insist that none of the trust property has come to her hands; that the bill does not allege any misapplication of the fund, and that, therefore, no relief can be granted upon

that ground; that the liability of legatees and devisees for debts or obligations of the testator is wholly statutory, and that the requirements of the statutes are not followed in this case. The case does not show that she has received any specific trust property; therefore, she is not chargeable on that ground.

The bill alleges that Hewitt had the fund, and invested it in bonds of the United States; that the bonds were paid to him, or he sold them, whereby he received $8,000; that the avails of them went to Wight as executor; and that the estate of Hewitt went to Newton as devisee and legatee. Relief must be granted, as is argued, upon these allegations, if at all. If the bill is defective, or is not sustained by the answers or proof to the extent necessary for affording relief, it must fail. This is elementary. The investment in bonds of the United States was a proper one. A bill which alleged that Hewitt sold or collected the bonds, and then resigned, or was removed, and refused to pay over the proceeds to the remaining administrator, would have been good. This bill alleges the same, except that it alleges that he died, and thereby the trust as to him was terminated, instead of by either of the other modes, and that the executor refuses to pay over the fund, but lets it go to the legatee. This would be a good bill against the estate if it remained in the hands of the executor, if maintained by answer or proof. The investment in the bonds of the foreign corporation is not claimed to be good so as to bind the *cestuis que trust* to it. As to them, it was the same as no investment, and left him chargeable with the fund. The bill alleges what he did according to its legal effect; and properly enough omits what he did that was of no effect. The bill charges the money into his hands, and the answers admit this, without setting up anything that exonerates him or his estate. This part of the bill is therefore good, and is well maintained; and these facts make this administrator individually liable. 2 Story, Eq. Jur. § 1280; 1 Perry, Trusts, § 417; 4 Bac. Abr. "Executors," D; *Brazer* v. *Clark*, 5 Pick. 96; *Peter* v. *Beverly*, 10 Pet. 532. His estate in the hands of his executor would likewise have been liable.

At common law, from the earliest times, legatees have been liable to refund such part of their legacies as should be necessary to meet debts and obligations of the testator. Bract. bk. 2, c. 26, fol. 61; 2 Bl. Comm. c. 32; 6 Bac. Abr. "Legacies," H; 2 Redf. Wills, § 56. The testator had no right to dispose of, and the legatee acquired no right to have, what was necessary for the payment of debts. Heirs and devisees were not liable for debts of the ancestor or testator on account of lands unless named in the obligation. This is changed by statute in England, and in this country lands appear always to have been holden for the debts of the ancestor or testator. 1 Washb. Real Prop. c. 3, § 73; *Watkins* v. *Holman*, 16 Pet. 25. These liabilities appear to be recognized and enforced by statute in New York; as to legatees and distributees by section 1837, and as to heirs and devisees by section 1843, of the Code of Civil Procedure. The neglect to present the claim to the administrator or executor does not impair the right (section 1837) to recover against a legatee; it is only necessary to show that no assets have been delivered to a surviving hus-

band or wife or next of kin, (section 1841.) To recover against heirs or devisees it appears to be necessary that three years elapse without grant of letters, or after such grant, before suit, (section 1844;) that there is a deficiency of assets, (section 1848;) and that the plaintiff cannot with due diligence collect his debt in the surrogate's court against the executor or administrator and distributees; and against devisees that the debt cannot be collected of the heir, (section 1849;) and when the same person is liable successively, only one suit need be brought, (section 1860;) and when the land has been conveyed there may be a personal judgment, (section 1854.) The bill does not allege that three years had elapsed without grant or after grant of letters, before suit; but it does allege the time of grant, and more than three years from that time had elapsed before the suit was brought. This appears to be a statute of limitation on the right to commence suit, not affecting the bringing of the suit when the time for it arrives. It is not necessary to allege in any suit that it is brought within a statute of limitations.

The bill alleges that the defendant Newton is sole legatee and devisee, that estate real and personal has been received by her, and that there is not remaining in the hands of the executor any greater sum than $500. The proof shows that she has received the whole estate, and that there is nothing remaining in his hands. This shows clearly enough that no assets have gone to a wife or next of kin that ought to be reached before this legacy, and fixes her liability as legatee. It also shows that the debt cannot be collected of any heir, or in the surrogate's court against the executor, or against any other distributee with any degree of diligence. The Code of Procedure of the state does not govern at all as to practice in cases in equity in the courts of the United States. Rev. St. U. S. § 913. The proceedings in such cases are the same in all the states, whatever the procedure of the courts of the state may be. *Boyle* v. *Zacharie*, 6 Pet. 648; *Gaines* v. *Relf*, 15 Pet. 9. But all the rights of the parties arising out of any local law must be observed. *Insurance Co.* v. *Cushman*, 108 U. S. 51, 2 Sup. Ct. Rep. 236. General allegations in bills in equity in these courts are ordinarily sufficient. *St. Louis* v. *Knapp Co.*, 104 U. S. 658. There was no demurrer to this bill pointing out any allegations of the bill as defective; but it was answered, and it appears now to be sufficient as a basis for a decree.

The case is not very clear in respect to the amount for which Hewitt was liable. The bill alleges that he received $8,000 for the government bonds. The answer of Cook admits this on belief. The answer of Wight admits that there were $8,000 of the corporation bonds; and the answer of Newton admits that he received about $7,000 for the government bonds. The answer of Cook is not evidence against her; and there is no testimony on the subject. Her answer must govern, and it is taken to mean by about $7,000, the amount of the fund, which is about that sum. There is no showing as to the exact time to which interest was paid to the orator. Her answer shows nothing further than that the interest was paid to the orator during the life of Hewitt by him, and by his executor afterwards as received from the bonds; and the testimony

shows that payment of interest on the bonds ceased in 1884. On the whole the orator appears to be entitled to have the fund restored to the estate of Mary Cook, and to interest on the fund at the lawful rate for the year 1884, and each year after, with interest on each year's interest from the end of that year. No earlier day can be fixed upon from anything in the case. The orator has prayed that a receiver or trustee be appointed in place of Cook. But this fund still belongs to the estate of Mary Cook. The orator's right to the interest is established, but where it may go at his decease cannot now be determined. If he leaves children,—lawful issue,—it is to go to them; if not, it is to go somewhere else, according to her will; or, if not disposed of by that, it is to be distributed to whomsoever may under the law be entitled to it. It is necessary, therefore, that it be in the hands of an administrator with the will annexed. The appointment and removal of such administrator, and the keeping of the estate in his hands securely, properly appertains to the surrogate's, or other probate court of the state. If there was just ground to suppose that it would not be safe in the hands of Cook as such administrator until proper action could be taken there, a receiver might be appointed; but no such ground appears. He would not proceed to recover the estate, but left the orator to do so. That does not appear to be sufficient ground for taking the matter out of his hands in advance of proceedings in the surrogate's or other proper court.

The orator appears to be entitled to a decree against the defendant Newton, for the payment of the amounts of the annual interest, with interest thereon, directly to himself; and for the payment of the amount of the fund, $7,072.02, to the defendant Cook, as administrator of Mary Cook with the will annexed, and for his costs. This amount will not go much, if any, beyond the personal assets, and, if not, no decree against the real estate would appear to be proper. Besides this, the grantee of that is not a party before the court, and a decree charging it with payment would not be in order, without that party.

Let there be a decree for the payment by the defendant Newton to the defendant Cook, as administrator, of the sum of $7,072.02, and for the payment by her to the orator of the interest on that sum from the beginning of the year 1884 until it is paid, with interest on the interest from the end of each year, with costs to the orator; and dismissing the bill as to defendant Wight, without costs.