ISAAC L. LYON AND LUCIUS D. HARRIS v. JACOB GUTHARD, RECEIVER OF TAXES.

*Personal taxes—Recovery of tax paid under protest—payment by assignee.*

1. Payment of a personal tax is not voluntary when made under protest, and for the purpose of avoiding the immediate seizure of goods to satisfy it.

2. The General Tax Law (1 How. St. p. 1277, sec. 42) in providing for a written protest upon payment of a tax, refers only to taxes on real property.

3. Goods assigned for the benefit of creditors are exempt from levy to satisfy a personal tax during the ten days allowed to the assignees for filing their bond. Act 198 of 1879, sec. 1.

4. Where an insolvent firm has assigned its stock for the benefit of creditors, a personal tax against the firm cannot be satisfied from the stock in the hands of the assignee upon any other terms than any other claim; and if the assignee pays the tax under protest in order to avoid seizure of the stock, he can bring suit against the officer collecting it, to recover it back, so long as it remains in the officer's hands.

5. The Charter of Detroit in providing that city taxes shall be liens upon the property assessed, until paid (Act 486 of 1869: Charter ch. v. sec. 22, subd. 64) did not mean that the lien should attach to personal property.

Error to the Superior Court of Detroit. (Chipman. J.) Oct. 18.—Dec. 21.

Assumpsit. Plaintiffs bring error. Reversed.

*A. C. Angell, Wm. H. Wells* and *Ashley Pond* for appellants. The State's right to priority in payment operates no lien on a tax-payer's personalty and cannot avoid a bona fide transfer thereof on valid consideration : *Anderson v. State* 23 Miss. 459; and this is so of goods in the hands of an administrator taxed before his intestate's death : *Wilson v. Shearer* 9 Met. 506; or chattels of a feme-covert taxed before coverture : *Sumner v. Pinney* 31 Vt. 717; a purchaser of mortgaged property takes it free from the encumbrance of a tax unless it has become a lien when he buys : *Ream v. Stone* 102 Ill. 363; and goods in an assignee's hands cannot be seized on execution against the assignor, the legal title remaining in the trustee, where the deed vested it, till by some proper judicial proceeding it is disposed of : *Garretson v. Brown* 26 N. J. Law 426; *Van Dine v. Willett* 24 How. Pr. 206; payment demanded by an officer under color of process is involuntary : *Boston &c. Co. v. Boston* 4 Met. 181 ; and the person making it may anticipate

seizure of goods: *Vicksburg v. Butler* 56 Miss. 72; though there must be actual or threatened exercise of power, possessed or believed to be possessed, by the person exacting or receiving the payment, on the person or property of another, for which the other has no other means of immediate relief than by making payment: *Radich v. Hutchins* 95 U. S. 213; *Brumagim v. Tillinghast* 18 Cal. 271.

City Counselor *Henry M. Duffield* for appellee. It is presumed that a receiver of taxes has deposited them in the treasury, and he is therefore not individually liable for their amount and to the person from whom they were collected: Cooley on Taxation 563; *Crutchfield v. Wood* 16 Ala. 702; *Dickins v. Jones* 6 Yerg. 483; *LeRoy v. East Saginaw City R'y* 18 Mich. 239; *Wall v. Trumbull* 16 Mich. 228; *Adams v. Hubbard* 30 Mich. 104; *Bird v. Perkins* 33 Mich. 28; *People v. Rix* 6 Mich. 144; *Watkins v. Wallace* 19 Mich. 57; an assignment is not such a transfer as divests personal property of the State's claim for taxes: *Cones v. Wilson* 14 Ind. 465; *State v. Grover* 37 N. J. Law 175; an assignee for the benefit of creditors does not stand in the position of a bona fide purchaser for a valuable consideration: *Flannigan v. Lampman* 12 Mich. 58.

SHERWOOD, J. Cornwell, Price & Co., a corporation doing business in the city of Detroit, on the 27th day of November, 1882, made a general common-law assignment of all its property, for the benefit of its creditors, to the plaintiffs in this case, who accepted the trust, and entered immediately upon the discharge of their duties as such.

A city tax for the year 1882, in the city of Detroit, was duly assessed against the personal property of Cornwell, Price & Co., and on the day of the assignment, and after the same was made, efforts were made by the Receiver of Taxes to collect the same. On the 22d day of December thereafter he entered the store of plaintiffs and threatened forcibly to take possession of and sell sufficient of the assigned property to satisfy said city tax, which amounted

to the sum of $667.78. The plaintiffs, in order to prevent the forcible taking of the property, paid the tax to the defendant under protest, and on the following day brought this suit in assumpsit, under the common counts, accompanied by a bill of particulars, claiming the amount paid under protest. Defendant pleaded the general issue. The case was tried by the court without a jury. The court made special findings of the facts and of the law, and gave judgment for the defendant. The plaintiffs bring error.

No exception is taken to the findings of fact by either party. The conclusions of law are as follows: "1st. That the corporation of Cornwell, Price & Co. was duly organized, and was existing when the assignment was made; 2d. That the assignment was a lawful one; 3d. That at the time the tax was paid to the Receiver, the plaintiffs were the owners of the property proposed to be taken by the receiver; 4th. That the said tax was not a lien on the goods in the hands of the assignees, and the said goods were not liable to seizure to satisfy the tax assessed to Cornwell, Price & Co.; 5th. That the payment by Harris of said tax was compulsory; 6th. That this suit cannot be maintained against the defendant individually."

Counsel for plaintiffs insist " 1st. That the findings do not support the judgment; 2d. That the court erred in making the finding of law numbered six."

It is difficult to perceive upon what ground the judgment given in this case can be sustained under the former decisions of this Court. There is no evidence or finding in the case tending to show that the defendant ever paid over the money collected of plaintiffs to the city before the commencement of this suit. The court finds that when the money was paid the Receiver stood in the store; said he had the goods selected upon which he was ready to make his levy, and threatened to do so and take the goods away unless plaintiff paid the tax demanded; and in the face of such threatened action by the officer, the plaintiffs, under protest, paid the money. Certainly, under the decisions of this Court, heretofore made, such payment was not volun-

tary.  *First Nat. Bank of Sturgis v. Watkins* 21 Mich. 483;
*Atwell v. Zeluff* 26 Mich. 118 ;  *Detroit v. Martin* 34 Mich.
174.

The Court further finds as a matter of fact, that the
assignees took possession as soon as the assignment was
made ; and that as a matter of law the assignment was valid,
and that the Receiver had no lien upon the property ; and
that at the time the tax was paid the plaintiffs were the
owners of the property.  If these conclusions are correct,
then the assignees held a perfect legal title to the prop-
erty as soon as the delivery was made under the assignment
(which was before the effort of the Receiver to collect)
and at the time the money was paid by plaintiffs.  Why
then should they not have had judgment ?  Certainly under
such circumstances the Receiver would have no more right
to levy upon the property than he would have had upon
that of any other citizen of Detroit.

But it is claimed by defendant that no effect can be given
to the protest made, because it was not made in writing
containing the grounds of the protest, as required by sec.
42 of Act. No. 9, Laws 1882, p. 20.  There is nothing in
this position.  That section relates to taxes against real
estate only.

It is further claimed by defendant that the title did not
pass to the plaintiffs when made and the property delivered,
until the statutory bond was filed.  It is enough to say upon
this point that the bond was filed within the ten days re-
quired by the statute ; and during that period no valid levy
could be made upon the property.  Act 198 of 1879, pro-
viso to sec. 1.  We do not see how these statutes can, under
any proper construction, aid the defendant in this case.
The understanding[1] had with the defendant has no bearing

---

[1] On the day after said assignment, the defendant attempted to levy
upon the assigned property for the city taxes due the city of Detroit,
assessed for the year 1882–3, and he entered on the premises where said
property was situate.  Isaac L. Lyon, one of the plaintiffs, requested
and obtained a postponement of said levy until the inventory of the
assignees should be completed, and said defendant assented thereto, upon
the express agreement of said Isaac L. Lyon, that the levy, when made,
should be considered as made as of the date of the day after the assign-
ment.

whatever.   The officers had no authority to make any such arrangement as that stated in the record, and no valid levy could have been made under such stipulation, or of the date it was made, or one that could be enforced in any court.

The defendant further claims it was his duty as Receiver of Taxes to enforce the collection of this tax against the plaintiffs' property under the assignment; that his act in so doing "was official and had the color of right, therefore he was not personally liable." Several cases decided by this Court have been referred to as supporting this position, but they are not applicable to the facts in this case. This was not the case of a person whose property had been illegally assessed, and against whom the collector's warrant ran, but an attempt to take the property of one person to pay another person's tax. This cannot be done under our Constitution or laws. It would be the grossest injustice, and finds no support in the decisions of this Court.

There is no law in this State for the city of Detroit or elsewhere, which makes taxes a lien on personal property until the Receiver or collector makes his levy. In this case no levy was ever made. The claim for a personal tax stands no other or better chance against the estate of the insolvent than the claim of an individual. The defendant was clearly liable to the plaintiffs in this action under the circumstances of this case. The payment of the tax was made under protest; the amount was neither due nor owing to the defendant from the plaintiffs, nor any part thereof, except under the terms of the trust created by the assignment. It is not claimed by defendant that he had paid the money over to the city. Until he had done this no other party was liable.   *Atwell v. Zeluff* 26 Mich. 118; *Erskine v. Van Arsdale* 15 Wall. 75; *Crutchfield v. Wood* 16 Ala. 702; *Hubbard v. Brainard* 35 Conn. 563; *Chapman v. Brooklyn* 40 N. Y. 372; *Preston v. Boston* 12 Pick. 14; *Inglee v. Bosworth* 5 Pick. 502; *Ware v. Percival* 61 Me. 393; *Newman v. Livingston County* 45 N. Y. 676.

Counsel for defendant under their fourth point claim

"that the assignment did not destroy the claim of the city for taxes, and the assignees rightfully paid the same to the defendant." It is true the claim of the city for taxes assessed remains unpaid, but how could the plaintiffs rightfully have paid the same in full so long as the estate they represented was insufficient to pay the claims against it in full? If it is intended under this point to insist upon a lien under the 64th subdivision of section 22 of chapter V of the city charter, then we have only to say that it is quite apparent to us that the Legislature never intended the lien to apply to personal property; and we fully agree with what is said in *Binkert v. Wabash Ry. Co.* 98 Ill. 205: " If it had been the intention of the legislature to create a specific charge upon every article of personal property, to the extent of the tax assessed on its valuation, as it has on each tract of land, some provision certainly would have been made by which the extent of the charge could be definitely ascertained, so as to prevent great hardships and frauds upon innocent purchasers."

We think the court, in its finding number six, erred, and that the findings do not support the judgment, which must be reversed and a new judgment entered for the amount plaintiffs paid and interest with costs of both courts.

The other Justices concur.