| 91 | 631 |
| 96 | 144 |

| 91 | 631 |
| 123 | 359 |

WILSON H. TOUSEY AND JOSEPH TURNER v. WILLIAM H. POST.

*Taxes—Lien on personal property—Purchasers—Replevin.*

1. One who purchased lumber prior to December 1, manufactured from logs assessed to the vendor under the tax law of 1889, took the lumber free from any lien for the taxes levied under such assessment, which did not attach to personal property until the first day of December in the year in which the assessment was made.

2. The statute prohibiting replevin against a tax collector does not preclude such action by one who is a stranger to the tax, and not in privity with the person assessed.

3. A purchaser of personal property before a lien for taxes assessed thereon has attached is not in privity with the vendor,

so as to prevent his bringing an action of replevin against a tax collector who has seized the property in satisfaction of such taxes.

Error to Alpena. (Kelley, J.)   Argued April 21, 1892. Decided May 13, 1892.

Replevin.   Plaintiffs bring error.   Reversed.   The facts are stated in the opinion.

*Frank Emerick* (*William H. Wells*, of counsel), for appellants.

*J. D. Turnbull*, for defendant.

MONTGOMERY, J. This is an action of replevin for a quantity of lumber on dock at the city of Alpena.   The defendant was tax collector of the city, claiming to hold the property by virtue of a tax levied under an assessment against the Warren-Lewis Lumber Company, the rolls showing the assessment against that company under the column "Personal," $52,900, with the tax extended in the proper place.   No specific personal property was described.

It appeared on the trial that the property so assessed consisted of the logs from which this lumber was manufactured, which logs were in fact the property of B. E. Warren, who at that time resided in Bay City.   The logs were in Montmorency county, but were to be driven to Alpena, and there manufactured.   The logs reached the mill in July or August of 1889, and the logs and lumber already cut were sold to plaintiffs in September or October, 1889.   The lumber in question was taken from the possession of plaintiffs by the defendant under his tax warrant on the 17th of July, 1890.   Demand of possession was made on him the day following, and, upon possession being refused, this action was brought.

Two questions will be considered:

1. Whether any lien attached against the property prior to the sale to the plaintiffs which entitled the tax collector to follow the property in its changed condition, and seize the same while in the possession of the plaintiffs as purchasers.

2. Whether replevin will lie against the tax collector, under the circumstances of this case.

It is unnecessary to determine whether, under the circumstances of this case, the assessment, although made in the name of the Warren-Lewis Lumber Company, was sufficient to apprise the true owner that the assessment was intended to be made upon his property, so as to bring the case within the rule laid down in *Petrie Lumber Co. v. Collins,* 66 Mich. 64; *Michigan Dairy Co. v. McKinlay,* 70 Id. 574; *Hill v. Graham,* 72 Id. 666,—as at the time of the purchase by the plaintiffs no lien for this tax had attached to this property. The tax law of 1889 (section 26) provides:

" All personal taxes shall be a lien on all personal property of such persons so assessed from and after the first day of December in each year, and shall take precedence of any sale, assignment of, or chattel mortgage, levy, or lien on, such personal property, executed or made after said first day of December, except where such property is sold in the regular course of trade."

If it be assumed that this assessment was a valid assessment against B. E. Warren, then, under the provisions of the tax law, a lien would have attached to all of his personal property which he owned on the 1st day of December, without regard to the date of its acquisition. But no lien would attach to property which had been sold prior to that date. There is no attempt to fix a lien upon the property assessed in the spring, nor to limit or restrain its alienation. This provision relates to the property owned by the tax-payer in December.

It is suggested that, as the statute provides that if personal property is removed from the township after it is assessed, it may be followed, this implies that the lien exists upon the property assessed; but a careful examination of the statute (section 35) shows that the authority given in such case is to issue a warrant to the collecting officer of any township where the person assessed may have property, and the collector is, in that case, required to proceed and collect the taxes out of *any* property belonging to the owner of such property so taxed as aforesaid. These provisions are somewhat incongruous, but it will be seen that there is no attempt to follow the specific property, but the statute provides that, in case of its removal, and in case there is not sufficient other personal property in the township, belonging to the person assessed, to pay the tax, the warrant may run to a collector elsewhere. These provisions are not sufficient in themselves to create a lien upon the property assessed, and the provisions of section 26, above quoted, not only fall short of creating such lien, but are wholly inconsistent with any such purpose. Taxes do not constitute a lien, unless expressly made so by statute. Cooley, Tax'n (2d ed.), 444; *Lyon v. Guthard,* 52 Mich. 271. It follows that, the plaintiffs having purchased the property prior to December 1, no lien attached to the same in their hands.

We do not deem the question of whether replevin will lie in this case an open one. In *Travers v. Inslee,* 19 Mich. 98, it was held that the statute prohibiting replevin against a tax collector does not preclude such action by one who is a stranger to the tax, and not in privity with the person assessed. *Le Roy v. Railway Co.,* 18 Mich. 233; *Hill v. Wright,* 49 Id. 229. The fact that the plaintiffs derived their title to the property of Warren months before any lien attached to the same does not

make the plaintiffs privies of Warren or the Warren-Lewis Lumber Company.

Other questions are presented, but we think it not. necessary to discuss them.

The judgment will be reversed; with costs, and a new trial ordered.

McGRATH, LONG, and GRANT, JJ., concurred. MORSE, C. J., did not sit.