## Ephraim Whittaker v. Elton B. Fuller.

### *Replevin—Taxes.*

The lessee of personal property, if entitled to its possession, can maintain replevin against a township treasurer who seizes it in satisfaction of a tax assessed against the lessor.[1]

Error to St. Clair. (Mitchell, J.) Argued April 27 and 28, 1893. Decided June 16, 1893.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*A. E. Chadwick,* for appellant.

*Henry P. Jenney,* for defendant.

Montgomery, J. This is an action of replevin to recover possession of 43 sheep. One Zebina McColman owned and leased to the plaintiff the south-east quarter of section 35, township of Mussey, county of St. Clair. He also leased to the plaintiff and gave him possession of 43 sheep, to be kept by the plaintiff on the farm for one-half of the wool and increase. March 5, 1891, defendant, who was township treasurer of the township of Mussey,

---

[1] See note to *Gray v. Finn,* 96 Mich. 62, for cases involving the construction of How. Stat. § 8318, which prohibits replevin for property seized by virtue of a tax warrant.

took the 43 sheep from the plaintiff's possession, drove them to Capac, 3 or 4 miles from the residence of plaintiff, and offered them for sale, to satisfy a special tax for a drain, called the "Doty Drain," against the land occupied by Whittaker. After forbidding Fuller to sell the sheep, and after demanding them, plaintiff brought replevin.

It was conceded by counsel for the defendant on the settlement of the bill of exceptions that if the plaintiff, under the proofs and his theory of the case, had a right to attack the validity of the Doty drain proceedings, the case should be reversed, and sent back for a new trial.

The learned circuit judge instructed the jury that, if the plaintiff was the true owner of the property, inasmuch as there was no tax or assessment against him, he might maintain replevin. But he further charged that,—

"If the officer finds the property claimed by some person as lessee, for instance, for the purpose of increase, as is claimed in this case, while the true owner is behind, and he himself could not have taken the property away, yet the law steps in, and makes this property liable to seizure by a public officer for taxes against the owner, and does not let it be avoided by such a contract; otherwise it might be put out of the law's reach, and in that way he (the owner) would avoid taxation and avoid the payment of taxes by simply leasing or disposing of his property in that way."

He further charged the jury that—

"Mr. Whittaker in this suit asserts absolute property and ownership and right of possession by his writ, and now the question comes before you to determine whether he in any way, being the owner, and being entitled to the possession, has waived the right of possession, so that he is now estopped by the law from asserting his claim of ownership, if he had one; and that is the main question I shall submit to you."

It is claimed by the defendant that when he went to make the levy to satisfy the tax Mr. Whittaker pointed out the property in question as the property of Mr. McCol-

man, and that plaintiff is therefore estopped from now bringing this action of replevin while the officer is proceeding to satisfy this tax.    After giving an appropriate instruc-. tion upon this subject, the learned circuit judge further said to the jury:

"Now, in this case, if you find for the plaintiff that Whittaker's theory is correct, and that he gave no right or permission to seize them, and that he owned the sheep, and was entitled to their possession, and did not give a right or permission in any way to Mr. Fuller to take them, then you will find a verdict for the plaintiff, and assess his damages in that case at such sum as you find to have been proved before you.    But if, on the other hand, you shall find that Mr. Fuller went there in good faith, and sought to find out the true condition of the property, and was misled, if the property was Whittaker's, or, if not Whittaker's, that he was told by Whittaker it was McColman's, and he, in pursuance of that, made the levy, then Mr. Whittaker himself cannot maintain this suit."

He further instructed the jury as follows:

"Now, remember that in this case it depends upon who was the owner of the property.    It is not claimed that Mr. Whittaker was the absolute owner; only that he was the conditional owner.    You heard what I said in reference to that, in the first place, that no man can put his property beyond the reach of taxes; but, if he can, then, did Mr. Fuller levy on this property in good faith, having reason from what was said by Mr. Whittaker to believe it was the property of Mr. McColman, and took it away? and in that case he is entitled to levy, or, if you find that the property was not Mr. Whittaker's; in either of those cases you will find for the defendant, and assess his damages to the value of the property, as I say."

We think that the jury must have understood from these instructions that, in order to entitle the plaintiff to recover, it must appear that he was the absolute owner of the property. This is not the law.  See Cobbey, Rep. § 137, and *Hunt v. Strew*, 33 Mich. 85, in which case it was held that the lessee of personal property is the proper plaintiff in replevin.  The plaintiff having the right, then,

to bring replevin, and it being conceded that if he had the right to attack the validity of the tax he is entitled to recover, it follows that the case must be reversed; for it must be held that one entitled to the possession of personal property sought to be taken to satisfy a tax against a third person may defend his possession against the officer. *Tousey v. Post,* 91 Mich. 631, 634, and cases cited.

The question of estoppel was in the case, and, apart from the erroneous instruction which placed a burden upon the plaintiff to show a full title in himself, was properly submitted to the jury. Nor is the question presented here as to whether the officer had the right to levy upon an interest of McColman in the property, and to sell such interest as he had, as it not only does not appear that such an attempt was made, but the concession of defendant would preclude him from raising this question on this hearing.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.