CHARLES J. LINDSEY *vs.* JOHN B. ALLEN, Town Treasurer, *et al.*

The real estate of A. was regularly assessed for a town tax in 1893, and in the following year was sold to B., the tax remaining unpaid. In 1896 the collector of taxes levied on the estate for collection of the tax. B. thereupon paid the required sum without protest, and, while the money was in the collector's hands, brought suit against him to recover it, joining the town treasurer as party defendant.

*Held*, that the payment was compulsory and B. was entitled to recover from the collector, but was not entitled to judgment against the treasurer.

Payment under stress of legal process is compulsory, and if unlawfully exacted may be recovered.

*Dunnell* vs. *Newell*, 15 R. I. 233, distinguished from the present case.

ASSUMPSIT to recover a tax paid to relieve plaintiff's estate from a void levy. Heard on demurrer to the declaration.

*February* 18, 1897. PER CURIAM. This is an action to recover money paid for a tax, under a void levy on the plaintiff's estate. The agreed statement of facts shows that the tax was assessed against Robert E. Wilcox, who was, at the time of the assessment, the owner of the real estate on which it was assessed. Subsequently the plaintiff became the purchaser of the real estate. After the expiration of more than two years from the assessment, when, under the provisions of the statute, the tax had ceased to be a lien on the real

46

estate, the collector levied his warrant upon it for the collection of the tax. Thereupon the plaintiff paid the tax, and now sues to recover the amount paid.

It is well settled that a payment under stress of legal process is compulsory, and if unlawfully exacted may be recovered. 2 Desty on Taxation, 795, and cases cited. In *Dunnell* v. *Newell*, 15 R. I. 233, this court held that the mere holding by a collector of a warrant to collect a tax by levy or distress was not of itself, and before any step was taken or threat of enforcement by levy or distress, sufficient to make a payment compulsory. The present case differs from that in this—that a step had been taken against the plaintiff's property by a levy thereon. The only remedy which the plaintiff had, therefore, was either to pay the tax or take the chance of defeating the sale of his property upon the ground that the levy was void. In our opinion, therefore, the payment amounted to a compulsory payment, and hence the plaintiff on this ground is entitled to recover from the collector, in whose hands the money still remains. As the money has not come into the possession of the town, the town treasurer is not a proper party to the suit, and it must be dismissed as to him.

Case remitted to the District Court of the Fourth Judicial District, with direction to enter judgment for the plaintiff against the defendant Blackmar for his debt and costs, and judgment against the plaintiff for the defendant Allen for costs, the costs in both judgments to include the costs in this court.

*P. H. Quinn,* for plaintiffs.

*Albert R. Greene,* for town treasurer.

*Benjamin W. Smith,* for collector of taxes.