**WHITE v. HOPKINS, Collector of Internal Revenue.**

No. 5966.

Circuit Court of Appeals, Fifth Circuit.
July 2, 1931.

Rehearing Denied Aug. 5, 1931.

BRYAN, Circuit Judge, dissenting.

F. B. Walker, of Fort Worth, Tex., and L. E. Cahill and W. Leo Austin, both of Tulsa, Okl., for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment sustaining a demurrer, which asserted no right or cause of action, and dismissing a suit by appellant to recover back some $13,000 of income taxes, alleged to have been illegally collected.

From the allegations of the petition and annexed exhibits the following material facts

are sufficiently shown: The Imperial Gasoline Company, of which appellant is a stockholder, filed its return for income and profits taxes for the year 1918 on April 28, 1919. On December 29, 1923, additional taxes were assessed against the corporation in the sum of $13,853.77. On January 12, 1924, the corporation filed a claim for abatement which was allowed to the extent of $2,350.78, leaving a balance of $11,502.99, for which the claim was rejected. On May 1, 1925, demand was made for payment. On April 26, 1926, a warrant of distraint was issued by the collector of internal revenue for the First district of Texas against the property of the Imperial Gasoline Company to enforce collection of the said taxes, with interest and penalty, a total amounting to $14,351.57. The warrant was addressed to the company in care of appellant. The collector made demand upon appellant for payment of the taxes, threatened execution of the said warrant against his property, and threatened to file suit against him. In fear of execution of the said warrant and the institution of the suit, under duress, appellant in two payments, on July 27 and September 10, 1926, paid out of his own funds the sum of $17,712.50 to the collector under protest. On April 24, 1928, appellant made application to the commissioner of internal revenue for a refund of the taxes, penalties and interest paid, on the following grounds: That he was not the taxpayer against whom the assessment was made; that he had paid the taxes, interest, and penalty under duress and threat of distraint; that there had been no waiver of the statute of limitations as to the assessment and collection of the taxes executed by the Imperial Gasoline Company; that the statute of limitations had run against both the assessment and collection of the 1918 tax. This claim was apparently made on a blank furnished by the Internal Revenue Department. The claim for refund was disallowed by the Commissioner, on a schedule dated September 21, 1928, and a notice to that effect, addressed to appellant, was sent to him on November 30, 1928. The letter notifying appellant gave no reasons for the action of the Commissioner in disallowing the claim. It appears that this suit was filed on August 27, 1929.

█ For a better understanding of the case, we may briefly review the law. The right to sue a tax collector to recover back taxes illegally exacted is derived from the common-law and does not depend upon statute. The rule is this. If the payment is made voluntarily, there can be no recovery. But if the payment is made under compulsion and with protest, sufficient to notify the collector that he will be sued to recover it back, he is personally liable whether he has covered the money into the treasury or not. This question was exhaustively discussed, and the rule just stated was announced by the Supreme Court, and applied to a claim against a collector of customs dues, in an early case, Elliott v. Swartwout, 10 Pet. 137, 9 L. Ed. 373, decided in 1836. As the principle is the same, the ground of illegality is immaterial. The right exists whether a person is compelled to pay a tax illegally imposed upon himself or which in reality is the debt of another. City of Wilmington v. Ricaud (C. C. A.) 90 F. 214; Lyon v. Receiver of Taxes, 52 Mich. 271, 17 N. W. 839; Lindsey v. Allen, 19 R. I. 721, 36 A. 840.

█ There is no statute of the United States expressly giving the right to sue a tax collector to recover back taxes illegally exacted, but the common law has been greatly modified by various statutes in this respect. These statutes recognize the right and by necessary implication grant it as to suits against federal tax collectors.

By Revised Statutes, § 3220, as amended (Revenue Act 1926, § 1111, 26 USCA § 149), the Commissioner is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, all taxes that appear to be unjustly assessed or excessive in amount or in any manner wrongfully collected. The same section provides for the relief of the collector in the event of an adverse judgment.

Revised Statutes, § 3226 as amended by the Revenue Act of 1926, § 1113, and previous enactments (26 USCA § 156) is as follows: "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit

162

or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail."

While appellant's cause of action is governed by the provisions of Revised Statutes, § 3226, above quoted, his fundamental right of recovery is not infringed by the statute. We need not discuss whether the compulsion alleged amounted to duress in law or whether the protest was sufficient, as neither duress nor protest was by this section necessary to be shown. He alleges compliance with the condition precedent of appealing to the Commissioner for a refund. The statute applies to the recovery of any tax "in any manner wrongfully collected" from any one and is broad enough to support the cause of action alleged.

■ There is no doubt from the allegations of the petition that the taxes were wrongfully collected. Under the provisions of the Revenue Act of 1918, § 250 (d), 40 Stat. 1083, the assessment and collection of the taxes were barred after five years from the filing of the return. Subsequent acts do not affect this limitation as applied to this case, considering the facts shown. See Revenue Act of 1926, § 1109 (b) (26 USCA § 108). The assessment was in time, but the collection was made more than five years after the filing of the return. This was sufficient to invoke the limitation. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676.

Appellee relies upon the following sections of the Revenue Act of 1926:

"Sec. 2 (a) When used in this act * * (9) The term 'taxpayer' means any person subject to a tax imposed by this act." 26 USCA § 1262 (a) (9).

"Sec. 284 (b) (1) No such credit or refund shall be allowed or made * * * after four years from the time the tax was paid in the case of a tax imposed by any prior Act, unless before the expiration of such period a claim therefor is filed by the taxpayer." 26 USCA § 1065 (b) (1).

The claim was filed by appellant in less than four years after payment, so that part

of section 284 does not apply. However, appellee contends that the Imperial Gasoline Company was the taxpayer as defined by the act and has neither appealed to the Commissioner nor brought the suit, and that no one but the Imperial Gasoline Company could appeal to the Commissioner or maintain a suit to recover back the taxes alleged in this case to have been illegally collected. In other words, appellee assumes the position that, having collected the tax from one who did not owe it, when it could not have been legally collected from one who did, no right of redress exists. It cannot be assumed that the United States has adopted any such illogical and inequitable attitude towards her citizens unless the enactments of Congress clearly leave no alternative.

■ As appellee's contention is based mainly on the definition of "taxpayer," we may consider that section in the light of well-settled rules of construction. "A statute will not be construed as taking away a common-law right existing at the date of its enactment, unless that result is imperatively required." Texas & Pacific R. Co. v. Abilene Cotton Oil Co., 204 U. S. 426, 27 S. Ct. 350, 354, 51 L. Ed. 553, 9 Ann. Cas. 1075. "All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character." U. S. v. Kirby, 7 Wall. 482, 486, 19 L. Ed. 278; Lau Ow Bew v. U. S., 144 U. S. 47, 12 S. Ct. 517, 36 L. Ed. 340; Jacobson v. Mass., 197 U. S. 11, 25 S. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765.

■ It is evident that to construe subdivision 9 of section 2 (a) literally would lead to injustice and absurd consequences, as it would exclude from relief any person upon whom a tax was imposed by previous acts. Of course, no such intention can be attributed to Congress, and therefore by necessary implication persons subject to taxes imposed by previous acts are included in the term "taxpayer."

Said section 2, not only defines "taxpayer," but also defines the terms, "person," "corporation," "domestic," "foreign," "United States," "secretary," "commissioner," "collector," and "military or naval forces of the United States." Subsection (b) of said section 2 (26 USCA § 1262 (b)) furnishes a guide for construing the various definitions. It provides: "The terms 'in-

cludes' and 'including' when used in a definition contained in this act shall not be deemed to exclude other things otherwise within the meaning of the term defined."

It is obvious that the various definitions were adopted for convenience only and to facilitate the drafting of the act, by eliminating the necessity of repetition. The reasonable construction of the section is that the definition of "taxpayer" does not exclude other definitions in general use and commonly understood. The dictionaries all define "taxpayer" as "one who pays a tax."

Undoubtedly appellant paid the tax which he sought to recover back, and therefore would be a taxpayer under the usual and ordinary definition. In paying the tax appellant was not a mere volunteer. A tax imposed upon a corporation is indirectly a tax upon its stockholders. Cooley on Taxation (4th Ed.) § 969. As a stockholder of the Imperial Gasoline Company he had an interest in paying the tax, although slight, to stop the running of the statute of limitations barring a suit to recover it back, and to prevent further accumulation of interest. The collector demanded payment of the tax and enforced collection by threats. Whether these threats could be made effective is immaterial. They were sufficient to operate on the mind of appellant and induce him to make payment against his will. The Commissioner received the money and retained it. He entertained and passed upon the application for a refund and notified appellant personally of the rejection of his claim, without suggesting that he did so because he was not considered the taxpayer.

The word "subject" is given many shades of meaning by the dictionaries, among which are "actually placed or brought under," "exposed to," "made liable." See Webster's Standard and New Century Dictionaries, verbo "subject." The Revenue Act imposes taxes upon different classes of persons, but, except by requiring returns, does not subject any particular individual to the tax. That is left to the administrative officers. The return is not conclusive on the government. The Commissioner determines and assesses all income taxes (26 USCA § 97), and the collector collects them (26 USCA § 103). It is not necessary that a tax be assessed in all cases before a person becomes subject to it. By the provisions of section 1109 (a), Revenue Act of 1926 (26 USCA § 106), in the case of a false or fraudulent return, with attempt to evade the tax, or a failure to file a return within the time required by law, or a willful attempt in any manner to defeat or evade the tax, a proceeding in court for collection of the tax may be begun without assessment. A proceeding may also be begun in court to collect a tax assessed against a corporation from stockholders who have received the assets of a corporation in liquidation.

The conclusion is reasonable that, as the tax was imposed by the Revenue Act of 1918 (40 Stat. 1057), and appellant was treated as the taxpayer and made subject to it by the Commissioner and collector, he comes within the meaning and intent of the definition. Any other conclusion would work injustice and deprive appellant of his common-law right of recovery. The definition of "taxpayer" relied upon is not a bar to a recovery by appellant.

It follows that the judgment appealed from was erroneous. If appellee has any defense not raised by the demurrer, he is not precluded from asserting it.

Reversed and remanded.

BRYAN, Circuit Judge, dissents.

On Motion for Rehearing.
PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause are of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same is hereby, denied.