**AARON et al. v. HOPKINS, Collector of Internal Revenue.**

No. 6640.

Circuit Court of Appeals, Fifth Circuit.

Feb. 23, 1933.

W. Leo Austin and L. E. Cahill, both of Tulsa, Okl., for appellants.

C. W. Johnson, Jr., U. S. Atty., of Fort Worth, Tex., and Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

P. J. White brought suit against Geo. C. Hopkins, collector of internal revenue, to recover back income and excess profits taxes assessed against the Imperial Gasoline Company, for the year 1918, with penalties and interests thereon, the whole amounting to $13,712.50. The petition was dismissed on demurrer. On appeal, this was reversed. (C. C. A.) 51 F.(2d) 159. White died, and his executors, appellants herein, were substituted as parties. The case was tried before the court without the intervention of a jury. At the close of the evidence, both sides moved for judgment. The court granted the motion of defendant and dismissed the suit.

The court found as a fact that the tax was voluntarily paid by White and not as the result of duress and coercion, and that under the provisions of section 611 of the Revenue Act of 1928 (26 USCA § 2611), as applied to the facts in the case, the payment was not to be considered an overpayment, to be recovered under the provisions of section 607 of the said act (26 USCA § 2607).

While the court made no findings in regard thereto, there was evidence in the record tending to show that the Imperial Gasoline Company had been liquidated by an exchange of stock with the White Oil Company, of which P. J. White was a stockholder; that the firm of White Bros., composed of P. J. White and Thomas White, under date of October 27, 1919, had agreed to pay and dis-

charge any obligations of the Imperial Gasoline Company; that the Imperial Gasoline Company, in response to a deficiency letter, had filed a petition for abatement; that thereby collection of the tax had been stayed; that it had been relieved of some $2,000 of the deficiency found; and that a jeopardy assessment had been made for the balance.

On the former appeal, White v. Hopkins (C. C. A.) 51 F.(2d) 159, while we reviewed the law, the gravamen of the ruling was that a person paying under duress and protest a tax illegally assessed against another would have the right to sue the collector to recover it back. It was conceded that a tax voluntarily paid could not be recovered back from the tax collector. Of course, that decision could have no application to other and different facts, not appearing in the petition, that might be developed on a hearing on the merits. While the testimony in the record is conflicting on the question of duress, the judge saw and heard the witnesses, and there is sufficient to sustain his finding. We are not at liberty to disturb it. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478.

The record presents no reversible error. Affirmed.