UNITED STATES of America, Plaintiff,

v.

STATE OF MICHIGAN et al., Defendants.

UNITED STATES of America, Plaintiff,

v.

CITY OF FLINT, COUNTY OF GENE-SEE, STATE OF MICHIGAN, et al., Defendants.

UNITED STATES of America, Plaintiff,

v.

Louis H. FUNK, Wayne County Treasurer, et al., Defendants.

UNITED STATES of America, Plaintiff,

v.

STATE OF MICHIGAN et al., Defendants.

Civ. Nos. 36447, 37611, 38251 and 571107.

United States District Court, E. D. Michigan, S. D.

Feb. 7, 1977.

Ralph B. Guy, Jr., U. S. Atty. by Robert A. Rosenberg, Asst. U. S. Atty., Chief, Civ. Div., Saul A. Green, Pamela Thompson, Asst. U. S. Attys., Detroit, Mich., for plaintiff United States of America.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen. by Richard R. Roesch, Lawrence W. Morgan, Asst. Attys. Gen., Lansing, Mich., for defendant State of Michigan.

Aloysius J. Suchy, Corp. Counsel by John K. Godre, Asst. Corp. Counsel, Detroit, Mich., for defendants County of Wayne and Louis H. Funk, Wayne County Treasurer.

Robert P. Allen, Corp. Counsel, Pontiac, Mich., for defendants Frank Irons, Sheriff of Oakland County and C. Hugh Dohany, Treasurer of Oakland County.

Warren F. Krapohl, Herbert W. Hutchins, Asst. City Atty., Flint, Mich., for defendant City of Flint.

Allen J. Kovinsky, Kasoff, Young, Gottesman, Kovinsky, Friedman & Walkon, P. C., Southfield, Mich., for defendant City of Taylor.

G. Norman Gilmore, Reid, Gilmore & Reid, Detroit, Mich., for defendants Burton Abstract and Title Co. and Lawyers Title Ins. Co.

MEMORANDUM RE MOTION FOR RE-CONSIDERATION AND MOTION FOR SUMMARY JUDGMENT

THORNTON, District Judge.

These four cases are before the Court on plaintiff's motion for reconsideration as to

No. 36447[1] and No. 37611[2] and on plaintiff's motion for summary judgment as to No. 38251 and No. 571107. We will hereinafter refer to Nos. 36447 and 37611 as the first two cases and to Nos. 38251 and 571107 as the Wayne County cases. The parties in these four cases are in agreement that they all involve the same fundamental legal issue, the resolution of which is determinative of the disposition of each case.

Each of the cases involves real property, situated in the State of Michigan, which was purchased by the United States. The State of Michigan contends that at the time of purchase the said properties were burdened with liens for county and city taxes. If this is so then said liens are dischargeable only upon payment of the taxes owing on the properties. Such liens on property owned by the United States cannot be enforced but remain as a cloud on the title, thus depreciating its value for resale purposes. Plaintiff United States of America contends that under Michigan law no lien or liens existed at the time of purchase. Defendants contend that the liens had attached prior to the date when purchase was made. Each contention is based on its proponent's construction/interpretation of Michigan law and of *United States v. Alabama*, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941).

The General Property Tax Statutes of the State of Michigan, insofar as applicable here, provide as follows:

M.S.A. *§* 7.2, M.C.L.A. § 211.2 Real property; definition; real and personal property, date of determination of taxable status; survey, examination or review of properties; condemnation; prorating taxes.] SEC. 2. For the purpose of taxation, real property shall include all lands within the state, and all buildings and fixtures thereon, and appurtenances thereto, except such as are expressly exempted by law, and shall include all real property owned by the state or heretofore purchased or condemned for public highway purposes by any board, officer, commission or department thereof and sold on land contract, notwithstanding the fact that the deed has not been executed transferring title.

*The taxable status of persons and real and personal property shall be determined as of each December 31, which shall be deemed the tax day,* any provisions in the charter of any city or village to the contrary notwithstanding. No assessing officer shall be restricted to any particular period in the preparation of the assessment roll but may survey, examine or review properties at any time prior to or after the tax day.

Notwithstanding any provision to the contrary in any law, when real property is acquired for public purposes by purchase or condemnation, all general property taxes, but not penalties, levied during the 12 months immediately preceding, but not including, the day title passes to the public agency shall be prorated in accordance with this paragraph. The seller or condemnee is responsible for the portion of taxes from the levy date or dates to, but not including, the day title passes and the public agency is responsible for the remainder of such taxes. If the date that title will pass cannot be ascertained definitely and an agreement in advance to prorate taxes is desirable, an estimated date for the passage of title may be agreed to. In the absence of such agreement, the public agency shall compute the proration of taxes as of the date title passes. The question of proration of such taxes shall not be considered in any condemnation proceeding. As used in this paragraph "levy date" means the day on which taxes become due and payable. In addition to the portion of taxes for which the public agency is responsible under the provisions of this paragraph, the public agency is also responsible for all general property taxes levied on or after the date title passes and before the property is removed from the tax rolls.

---

1. *United States v. State of Michigan*, D.C., 346 F.Supp. 1277 (1972).

2. *United States v. City of Flint*, D.C., 346 F.Supp. 1282 (1972).

In any real estate transaction between private parties in the absence of any agreement to the contrary, the seller shall be responsible for that portion of said annual taxes levied during the 12 months immediately preceding, but not including, the day title passes, from the levy date or dates to, but not including, the day title passes and the buyer is responsible for the remainder of such annual taxes. As used in this paragraph "levy date" means the day on which any general property tax becomes due and payable.

\*　　\*　　\*　　\*　　\*　　\*

M.S.A. § 7.81, M.C.L.A. § 211.40 Property taxes; lien after December 1; fiscal year to be set forth on statements and receipts; precedence of lien, exception, city or village personal property tax lien.] SEC. 40. *Notwithstanding any provisions in the charter of any city or village to the contrary, all taxes shall become a debt due* to the township, city, village and county from the owner or person otherwise to be assessed on the tax day provided for in sections 2 and 13 of this act, and the *amounts assessed on any interest in real property shall, on the first day of December, for state, county, village or township taxes or upon such day as may be heretofore or hereafter provided by charter of a city or village, become a lien upon such real property*, and the lien for such amounts, and for all interest and charges thereon, shall continue until payment thereof. \* \* \* [Emphasis supplied.]

In each of the four cases at issue here the plaintiff United States of America purchased the real property subsequent to the tax day, or "debt due" day, but prior to the first day of December "lien day" for the calendar years in question—December 31, 1968, the "debt due" day, and December 1, 1969, the "lien day," using the dates in case No. 36447 as an example, the property having been purchased November 21, 1968. Defendants herein suggest that although the statute specifies the first day of Decem-

ber as the day the lien for taxes attaches, nevertheless there is, in effect, "an inchoate lien" which attached on the previous December 31. Such date is denominated in the statute as the tax day and/or "debt due" day. Defendants place reliance on *United States v. Alabama*, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941) where the Court referred to the lien under the Alabama statute as being inchoate at the time it attached but becoming mature when the extent of the liability was ascertained. The Alabama statute provided that "[f]rom and *after the first day of October of each year, when property becomes assessable the State shall have a lien* upon each and every piece or parcel of property owned by any taxpayer for the payment of all taxes which may be assessed against him . . . which lien shall continue until such taxes are paid." [Emphasis supplied.] *United States v. Alabama, supra*, at 277–278, 61 S.Ct. at 1012.

The Alabama statute provides for the attachment of a lien "from and after the first day of October of each year when property becomes assessable \* \* \*." The Michigan statute specifically states that the amounts assessed on any interest in realty "shall, on the first day of December, for state, county, village or township taxes or upon such day as may be heretofore or hereafter provided by charter of a city[3] or village, become a lien upon such real property \* \* \*." Defendants would have the Court treat the "debt due" in M.S.A. § 7.81, M.C.L.A. § 211.40 as an "inchoate lien" upon the property. In the very same sentence the word "lien" is used. We can find no justification, legally or logically, to assume that the legislature meant "inchoate lien" by use of the words "debt due," particularly when the word "lien" appears in the same sentence. Had the phrase "debt due" been intended as a lien of any kind the legislature could have easily so indicated. The Supreme Court of Michigan has spoken to this on several occasions. In *City of Gaylord v. City Clerk*, 378 Mich. 273, 301, 144 N.W.2d 460, 471 the Court said:

---

**3.** July 1 is "such day" as to most city taxes.

A lien is not an essential element of the power of taxation. See Hellerstein, State and Local Taxation, pp. 15–20 (1952). *Unless a taxing statute expressly so provides, taxes do not constitute a lien on property. Tousey v. Post*, 91 Mich. 631, 634, 52 N.W. 57; 84 C.J.S. Taxation § 585, p. 1180. [Emphasis supplied.]

See also *Jacobs v. Union Trust Co.*, 155 Mich. 233, 118 N.W. 921. The Alabama statute provides for a lien at such a time when it could not be perfected—hence an inchoate lien. The situation with respect to the Michigan General Property Laws is not comparable. There can be no lien that is not consistent with express statutory language.

As to the two Wayne County cases herein, plaintiff is entitled to summary judgment. As to the first two cases, the motion for reconsideration should be granted and judgment for plaintiff entered.

Judgment may be presented in accordance with the foregoing.