## ST. LOUIS *v.* KNAPP COMPANY.

Where the city of St. Louis filed its bill to enjoin the defendant from completing on his premises within the city a work then in the course of construction, whereby the Mississippi River would be divided from its natural course, and a deposit created rendering it impossible for boats and vessels to land at the city's wharf north or south of the premises, — *Held*, that it is not necessary that the bill should relate all the minute circumstances which may be proved to establish its general allegations, and that the defendant should be required to answer it.

APPEAL from the Circuit Court of the United States for the Eastern District of Missouri.

The city of St. Louis commenced this suit by petition filed in a State court. The suit, upon the application of the defendant, the Knapp, Stout, & Co. Company, a corporation created by the laws of Wisconsin, was removed into the Circuit Court of the United States. The defendant, treating the petition as a bill in equity, filed a demurrer, which was sustained. The bill was dismissed, and the city appealed. The record, therefore, presents the question, whether the city, upon the showing made, is entitled to the relief asked.

The case, as made by the bill, is this: Since the year 1822 the city has been, as it still is, a municipal corporation. It has for its eastern boundary the middle of the main channel of the Mississippi River, and is the proprietor of the bed of that river within the city limits. By its charter it is authorized to construct all needful improvements in the harbor; control, guide, or deflect the current of the river; erect, repair, and regulate public wharves and docks; regulate the stationing, anchoring, and mooring of vessels and wharf-boats within the city; charge and collect wharfage; and set aside and lease portions of the improved wharf. By an ordinance to establish and open the wharf from Biddle Street to the northern, and from Hazel Street to the southern, boundary of the city, the lines of the wharf were laid down and established upon a certain piece of real estate fronting the river, and the southern boundary of which is about 320 feet north of the north line of Bremen Avenue, produced to the river. The defendant is

engaged in the business of manufacturing and selling lumber, and is erecting a saw-mill upon the premises just described.

For the purpose of hauling saw-logs from the river, the defendant is constructing a run-way, extending from the mill into the river, a distance of about one hundred feet eastwardly from its western bank. It is also driving piles in the bed of the river east of the eastern boundary of its premises, and east of the eastern line of the wharf, as established by the city. Portions of the wharf, established by the ordinance, to the north and to the south of defendant's premises, and improved and completed by the city, are used for landing boats and vessels engaged in navigation.

After averring, in substance, these facts, the bill proceeds: " That the effect of driving the piles in the bed of the river and constructing the run-way as aforesaid, as proposed and intended by defendant, will be to divert the navigable water of the Mississippi River from its natural course and throw it east of its natural location, and from along the river bank north and south of said run-way and piling, and create, in front of and upon plaintiff's improved wharf as aforesaid, a deposit of mud and sediment, so that it will be impossible for boats and vessels engaged in navigating the Mississippi River to approach or land at the improved wharf north and south of defendant's premises."

The formal allegation is then made that the act of defendant, in building the proposed run-way and driving piles east of the western water's edge and in the bed of the river, is a legal wrong for which no adequate remedy can be afforded by an action for damages, and will be a substantial impairment of, and obstruction to, the navigation of the river.

The prayer of the complaint is that the defendant, its agents and servants, be forever enjoined from driving piles and constructing its run-ways east of the western water's edge in front of its premises; that it be required to remove the piles already driven, and the run-way so far as constructed; and that the city have such other and further relief in the premises as may be proper.

*Mr. Leverett Bell* for the appellant.

*Mr. J. M. Krum* and *Mr. C. H. Krum* for the appellee.

Mr. Justice Harlan, after stating the facts, delivered the opinion of the court.

Upon the hearing of the demurrer two questions were considered by the court: *First*, whether the bill, upon its face, shows that the construction of the run-way will intrude upon the city's rights and cause special damage; *second*, whether, upon its allegations and in advance of the construction of the work, a decree to prevent its completion should be rendered in favor of the city.

The court, in disposing of the demurrer, waived a final decision of the first question, expressing, however, some doubt whether the case was within the general rule that a suit in equity to enjoin or abate a public nuisance must be brought by one who has sustained, or is in danger of sustaining, individual special damages, apart from those suffered by the community at large.

Touching the second question, the court below remarked, it was very clear that a public navigable stream must remain free and unobstructed; that no private individual has a right to place permanent structures within the navigable channel; and that if the proposed run-way, when completed, proved to be a material obstruction to the free navigation of the river, or a special injury to the rights of others, it might be condemned and removed as a nuisance. It was, however, of opinion that the case presented was one of a threatened nuisance only, and that the reasons assigned for interference by injunction, in advance of the construction of the run-way, were not sufficient.

We are of opinion that the demurrer should have been overruled, and the defendant required to answer. The bill makes a *prima facie* case, not only of the right of the city to bring the suit, but for granting the relief asked. It distinctly avers what the defendant proposes to do, and that averment is accompanied by the general charge or statement that the driving of the piles in the bed of the river, and the construction of the run-way, will not only cause a diversion of the river from its natural course, but will throw it east of its natural location, from along the river-bank north and south of the proposed run-way and piling, creating in front of the city's improved wharf

a deposit of mud and sediment, and rendering it impossible for boats and vessels engaged in the navigation of the Mississippi River to approach or land at the improved wharf north and south of defendant's premises.  This is not, as ruled by the Circuit Court, merely the expression of an opinion or apprehension upon the part of the city, but a sufficiently certain, though general, statement of the essential ultimate facts upon which the complainant rests its claim for relief.  It was not necessary, in such a case, to aver all the minute circumstances which may be proven in support of the general statement or charge in the bill.  While the allegations might have been more extended, without departing from correct rules of pleading, they distinctly apprise the defence of the precise case it is required to meet.  There are some cases in which the same decisive and categorical certainty is required in a bill in equity as in a declaration at common law.  Cooper, Eq. Pl. 5.  But, in most cases, general certainty is sufficient in pleadings in equity.  Story, Eq. Pl., sects. 252, 253.  Let the case go back for preparation and hearing upon the merits.  If it should be again brought here, we may find it necessary to discuss the numerous authorities cited by counsel.  In its present condition, we do not deem it wise to say more than we have in this opinion.

The decree will be reversed, with directions to overrule the demurrer, and for further proceedings according to law; and it is

*So ordered.*

MR. JUSTICE GRAY did not sit in this case.