### POOL v. WALSH, Internal Revenue Collector.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

#### No. 3780.

Internal revenue ⬤⇒45—Injunction lies to prevent sale of property for so-called tax imposed under Prohibition Act.

As the so-called tax assessed under National Prohibition Act, § 35, on the illegal manufacture or sale of liquor, is a penalty, a suit may be maintained to enjoin the collector of internal revenue from selling plaintiff's property for satisfaction of such penalty imposed on her husband, notwithstanding Rev. St. § 3224 (Comp. St. § 5947), prohibiting suits to restrain the assessment or collection of taxes.

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit for injunction by Sarah Pool against James A. Walsh, as Collector of Internal Revenue for Montana. From an order dismissing the suit, plaintiff appeals. Reversed.

Chas. A. Russell, Chas. N. Madeen, H. H. Clarke, John E. Patterson, and Dan J. Heyfron, all of Missoula, Mont., for appellant.

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Appellant sought to enjoin the collector of internal revenue for the district of Montana from proceeding under a writ of attachment and warrant for distraint to sell certain certificates of deposit which she alleged were her sole and individual property. She averred that prior to April, 1921, she owned the certificates of deposit; that the collector was threatening to sell them to satisfy a purported claim against her husband, Frank E. Pool; that the warrant of distraint was issued and levied under the purported claim that the husband was indebted to the United States for taxes and penalties assessed and charged against him for alleged violation of the internal revenue law for the illicit manufacture of intoxicating liquor, but that plaintiff was not liable; and that the proceedings were not based upon a tax, but upon a penalty and fine purported to have been imposed against her husband, and that neither civil nor criminal action had been commenced against her to establish her liability. The collector set up that, the suit being one to restrain the collector of internal revenue from proceeding in a sale in effort to collect taxes imposed under the revenue laws of the United States, the court was without jurisdiction to issue the order prayed for. The court dismissed the suit.

Appellant's contentions are that section 3224 of the Revised Statutes, which provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court, only relates to suits for such exactions as clearly fall within the definition of taxes or exactions for revenue for the uses of the government, and has no relevancy where there is a penalty in the nature of a punishment for an offense which has been committed, and that under section 35 of the National Prohibition Act (41 Stat. 317) the assessment is not a tax, but is a penalty. Section 35 provides that upon evidence of such illegal manufacture or sale of liquor:

"A tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws."

In Lipke v. Lederer, 258 U. S. ——, 42 Sup. Ct. 549, 66 L. Ed. —— (June 5, 1922), the Supreme Court held that, "if by its very nature the imposition is a penalty, it must be so regarded," and that assessment by imposition of penalty under section 35, supra, lacks all the ordinary characteristics of a tax, and involves the idea of "punishment for in-

fraction of the law, the definite function of a penalty." Accordingly, in that case, Rev. St. § 3224 (Comp. St. § 5947), was held to be inapplicable, and should not be construed as permitting the enforcement of penalties through "the secret findings and summary action by executive officers."

In the present case the executive officers threaten to sell the sole property of the plaintiff to pay a penalty by way of punishment imposed upon another person, her husband, and to do this without bringing any action against plaintiff to establish her liability. We cannot escape the conclusion that such a course would be violative of plaintiff's rights and that preliminary injunction should issue.

The order of the District Court must be reversed.