**SHANNOPIN COUNTRY CLUB v. HEINER, Collector of Internal Revenue.**

(District Court, W. D. Pennsylvania. September 11, 1924.)

No. 3050.

Internal revenue ⊜⊃38—Club collecting tax imposed on members cannot maintain action for its recovery.

Under Revenue Act Nov. 23, 1921, § 802 (Comp. St. Ann. Supp. 1923, § 6309⅘c), a club which collects the tax imposed on its members by section 801 (Comp. St. Ann. Supp. 1923, § 6309⅘b), acts merely as collection agent for the government, and has no right of action for recovery of the same as illegally imposed.

At Law. Action by the Shannopin Country Club against D. B. Heiner, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. On demurrer to statement of claim. Demurrer sustained.

J. Smith Christy and Wm. F. Knox, both of Pittsburgh, Pa., for plaintiff.

Walter Lyon, U. S. Atty., and Warren H. Van Kirk, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge. The defendant in this case has filed a statutory demurrer under section 20 of the Pennsylvania Practice Act of May 14, 1915 (P. L. 483), alleging that the plaintiff's statement of claim is insufficient in law, in that it does not disclose a cause of action by the plaintiff against the defendant. The plaintiff seeks to recover from the defendant the sum of $12,474.95, collected by the plaintiff, a Pennsylvania corporation, from its members, as a 10 per cent. tax on its membership certificates, and by the plaintiff paid over to the defendant as the collector of internal revenue of the United States. The statement of claim discloses that the amount sought to be recovered was paid by the members of the plaintiff corporation through the agency of the plaintiff, as a tax under the revenue laws of the United States. The plaintiff alleges that this collection was made from its members under protest, and was paid to the defendant under protest, and that the plaintiff presented a claim for refund of said taxes to the Commissioner of Internal Revenue, who rejected the claim.

The revenue laws of the United States, under which this tax was assessed and collected by the plaintiff, impose this tax upon the members, and not upon the club itself. Section 801 of the Revenue Act of 1921 (42 U. S. Statutes 291 [Comp. St. Ann. Supp. 1923, § 6309⅘b]). Under this law, there is no primary money liability upon plaintiff to pay this tax. It had no burden, other than acting as collecting agent for the government in collecting the amount of taxes imposed by section 801 of the Revenue Act of 1921. This duty is made clear by section 802 of the Revenue Act of 1921 (42 U. S. Statutes 1921, p. 291 [Comp. St. Ann. Supp. 1923, § 6309⅘c]), which clearly fixes the liability and responsibility of the plaintiff as far as the collection of these taxes is concerned. The plaintiff itself has paid no part of the taxes which it is now seeking to recover, and if it were permitted to recover judgment in this action, it would not in our opinion bar another action by the members themselves, who are the real parties in interest. If the taxes involved in the plaintiff's statement of claim were illegally assessed and collected from the members of the plaintiff corporation, they are the parties injured, and are the ones entitled to recover. There is nothing in the statement of claim which discloses that the plaintiff itself is a taxpayer and has paid any tax to the Government which it now seeks to recover.

We are therefore clearly of the opinion that the statutory demurrer in this case must be sustained, and that judgment be entered thereon in favor of the defendant. And now, September 13, 1924, this case came on for hearing on the statement of claim and defendant's affidavit of defense in the nature of a statutory demurrer filed under the provisions of section 20 of the Pennsylvania Practice Act of May 14, 1915 (P.

L. 481), and after argument of counsel, both for plaintiff and defendant, and due consideration thereof, it is ordered and adjudged that the statutory demurrer filed herein by the defendant be sustained, and judgment be entered herein in favor of the defendant, with costs.