### TRINACIA REAL ESTATE CO., Inc., v. CLARKE, Collector of Internal Revenue. SALVO v. SAME. FALCONE v. SAME.

District Court, N. D. New York. July 27, 1929.

326

Rocco R. Calli, of Utica, N. Y. (Roscoe Irwin, of Albany, N. Y., of counsel), for complainants.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for defendant.

BRYANT, District Judge. There are two matters before the court for determination, viz. The motions for injunctions pendente lite brought before the court by complaints in each suit and the motions of defendant to dismiss the bills. The facts are such that the motions in the three suits may be considered together. The facts, as shown by the complaints, may be summarized as follows:

On January 27, 1928, Josephine Falcone and Mary Falcone, as tenants in common, conveyed to Trinacia Real Estate Company, Inc., the real estate described in the bill of complaint. The deeds were duly recorded. They recite a good and valuable consideration, and for all purposes of the motions it must be assumed the company became the bona fide purchaser of the properties described. At the time of the conveyance, there were no liens on file against any of the parcels. The former owners of this real estate were Joseph Falcone and Salvator Falcone.

On August 18, 1925, they, as tenants in common, conveyed the real estate in question to the said Josephine Falcone and Mary Falcone by deed which was duly recorded. At the time of the sale of the said parcels by the said Josephine Falcone and Mary Falcone to Trinacia Real Estate Company, Inc., January 27, 1928, the said Trinacia Real Estate Company, Inc., made, executed, and delivered to the said Josephine Falcone and Mary Falcone four bonds and four purchase-money mortgages, one for the sum of $2,000, one for the sum of $4,000, one for the sum of $2,000, and another for the sum of $12,000. On said 27th day of January, 1928, Josephine Falcone and Mary Falcone, for value, sold and assigned three of said bonds and mortgages, viz. one for $2,000, one for $4,000, and one for $2,000, to Luigi Salvo, complainant in one of the suits, and for value sold and assigned the fourth mortgage, the one for $12,000, to Antonio Falcone, the complainant in one of the suits. Mary Falcone, one of the grantors, is the wife of Joseph Falcone.

On or about March 29, 1928, the United States Commissioner of Internal Revenue, by letter, gave notice to Joseph Falcone and wife of the assessment of $12,092.39 for tax, penalty, and interest for the year 1926. From this assessment the said Falcone and wife appealed to the United States Board of Tax Appeals, which appeal was pending and undetermined at the time of the submission of these motions, and the court has not any knowledge that this status has yet been changed. The papers in the case do not state the nature of the assessment, but from all facts and circumstances it seems safe to assume that the Commissioner made a jeopardy assessment.

On June 23, 1928, a deputy collector in and for said twenty-first district caused to be served upon the complainant in each of the three suits a paper, which, in substance, stated that, by virtue of warrants of distraint issued to him by the collector of internal revenue of the twenty-first district of New York against each of said complainants, he had levied and seized the property in said paper described, which are the parcels of real estate described in the deeds above mentioned, and in addition to said real estate the four mortgages above mentioned, and that he would sell the same at public sale on July 24, 1928. The paper further stated: "This levy is made on account of income tax assessed against each of you as *transferors* of Joseph Falcone and wife, each in the amount of $112,178.17 and penalties *due for the year 1926,* viz.:

| | |
|---|---|
| Penalty | $72,249 10 |
| Tax | 36,138 47 |
| Interest | 3,790 60 |

Notice of sale under said alleged levy was duly advertised.

On or about June 25, 1928, each of the above-named complainants received from the

Commissioner of Internal Revenue a letter, bearing date June 23, 1928, in the following form:

"In accordance with the provisions of section 279(a) of the Revenue Act of 1926, there has been assessed against you income tax, penalty and interest amounting to $16,502.66 for the taxable years 1920 to 1926, inclusive, as transferee of the assets of Joseph Falcone and wife, 1623 Mohawk Street, Utica, New York, under section 280 of the Revenue Act of 1926, the details of which are set forth in the attached statement."

"In accordance with the provisions of section 274(a) of the same Act, you are allowed sixty days, (not counting Sunday as the Sixtieth day) from the date of the mailing of this letter within which to file a petition with the United States Board of Tax Appeals contesting in whole or in part the correctness of this determination."

The first part of the attached statement reads as follows:

"As provided in section 280 of the Revenue Act of 1926, there has been assessed against you the amount of $16,502.66 in taxes, penalties and interest, constituting your liability as a transferee of the assets of Joseph Falcone and wife, 1623 Mohawk Street, Utica, New York, for unpaid income taxes, penalties and interest in the amount of $16,502.66 assessed against Joseph Falcone and wife for the years 1921 to 1926, inclusive, as shown in the following statement:

| Years. | Deficiency. | Penalty. | Interest. | Total. |
|---|---|---|---|---|
| 1921 | $ 129.75 | $ 32.44 | $ 43.92 | $ 206.11 |
| 1922 | 2,355.81 | 588.95 | 656.04 | 3,600.80 |
| 1923 | 411.90 | 102.98 | 88.48 | 603.36 |
| 1924 | none | none | none | none |
| 1925 | none | none | none | none |
| 1926 | 9,284.02 | 2,321.01 | 487.36 | 12,092.36 |
| Totals .. | $12,181.48 | $3,045.38 | $1,275.80 | $16,502.66 |

Thereafter, and on July 19, 1928, each of the complainants filed a complaint in equity setting forth the facts above stated, together with allegations tending to show irreparable injury, and praying, among other things, that pending the determination of the suit the defendant be restrained from proceeding with said sale. On July 20th, restraining orders were issued returnable July 30th, which, by consent, were adjourned until August 10, 1928. At that time defendant moved for dismissal of each of the complaints upon the grounds that the court has no jurisdiction over the subject-matter or the person of the defendant; that each complaint shows complainant wholly without equity, and does not state facts sufficient to warrant the court in

granting the relief prayed for or any relief; that each complainant has a complete and adequate remedy at law; and that the complaints do not show irreparable injury has been or will be sustained by any complainant. Argument upon applications for injunction pendente lite and motions to dismiss were made and briefs submitted at later dates.

■ The first question to be considered is whether these are suits in violation of section 3224 of the Revised Statutes (26 USCA § 154) or section 604 of the Internal Revenue Act of 1928 (26 USCA § 2604). Manifestly, section 604 of the 1928 Revenue Act broadens the inhibitions set forth in section 3224 of the Revised Statutes so that they cover suits for the purpose of restraining the assessment or collection of a tax against a transferee the same as against a taxpayer, even though the law imposing such tax against the transferee is unconstitutional. Felland v. Wilkinson, etc., U. S. D. C. for West. Dist. of Wisconsin, decision reported in 33 F.(2d) 961, Internal Rev. Bulletin, vol. 8, No. 16. It also clearly appears that the tax claim was assessed against the complainants as a jeopardy assessment, and the procedure is governed by section 279(a) of the Revenue Act of 1926, so that the prohibition contained in section 274(a) of said act does not apply. Salikoff v. McCaughn (D. C.) 24 F.(2d) 434. Section 3224, Revised Statutes, however, does not prevent an injunction in a case apparently within its terms in which some extraordinary and entirely exceptional circumstances make its provisions inapplicable. Dodge v. Brady, 240 U. S. 122-126, 36 S. Ct. 277, 60 L. Ed. 560; Hill v. Wallace, 259 U. S. 44-62, 42 S. Ct. 453, 66 L. Ed. 822. This same rule or exception must be extended to cover section 604 of the Internal Revenue Act of 1928. These seem to be cases "with such extraordinary and exceptional circumstances" that the provisions of the limiting sections do not apply. The Commissioner of Internal Revenue has assessed $16,506.22, and on that assessment the collector of internal revenue attempts to collect $112,178.17 through sale of property, only a part of which at best can be said to have been received from the taxpayer. While the collector, in most cases, is a discretionless officer, and in the performance of his duties has the right to rely upon all of the provisions of the statute for his protection, yet he cannot with the sanction of law sell property under distraint proceedings for the purpose of collecting, or attempting to collect, an amount apparently never assessed as a tax, and then seek protection under the limita-

tions provided against interfering with an officer in the collection of a tax.

It must also be borne in mind that the complainants obtained title to the property seized from tenants in common, only one of whom is claimed to be a taxpayer. It seems apparent that an undivided one-half of the property seized is exempt from any alleged lien. Section 3224, R. S., does not prevent the granting of an injunction against a sale under distraint proceedings of property owned by a person other than a taxpayer. Long v. Rasmussen (D. C.) 281 F. 236. Manifestly section 604 of the 1928 Revenue Act does not prevent an injunction against sale under distraint proceedings of property of transferee not obtained from the taxpayer.

Defendant, as further grounds for dismissal of the complaints, contends that section 279(f) of the Revenue Act of 1926 (26 USCA § 1051(f), providing for stay of collection by filing with the collector a bond in such amount, not exceeding double the amount as to which the stay is desired, as the collector deems necessary, affords a full and complete remedy, and is a bar to an action in equity; that complainants have a full, complete, and adequate remedy at law because they can pay the tax and then bring action to recover the amount and interest; that the complaints and moving papers do not set forth facts showing irreparable injury. With these contentions the court disagrees.

This property was purchased by the Trinacia Real Estate Company in January, 1928, for approximately $54,000. It must be assumed that that sum approximately represents the value at the time of the submission of these motions. With distraint proceedings for the collection of $112,178.17 it seems apparent that the corporation cannot pay (and if it protects its stockholders would not be justified in paying) the amount necessary to be paid to relieve the property from the alleged lien. Certainly the owners of the mortgages cannot well redeem their mortgages from the sale when the real estate which secures those mortgages is liened for double its value.

The same arguments may be used regarding complainants' statutory remedy of staying collection by filing a bond. Defendants' brief contains a portion of a letter from the office of the General Counsel, Bureau of Internal Revenue, which among other things states: "If the court should grant preliminary injunctions in these cases the bonds should be fixed at such an amount as will secure the United States the collection of the taxes." This letter undoubtedly represents the government's position in this matter. It therefore seems safe to assume that, had complainants attempted to file bonds, as provided by section 279(f) of the 1926 Revenue Act, the collector would have followed instructions from the Bureau of Internal Revenue and required bonds to secure the payment of $112,178.17 to satisfy an apparent tax of $16,502.66.

It does not require many facts, under the circumstances in this case, to convince the court that this property, if sold at public sale, would be sold at a sacrifice. The defendant in his brief admits this. He states "any forced sale at any time of realty would lead to some sacrifice of values whether the market for such real property were low or high." If complainants' contention that the tax is illegal and erroneous is correct, it seems evident that, if sold at a sacrifice, there would be irreparable injury to complainants, or some of them, to the amount of the sacrifice. Their remedy at law would only cover the sales price and interest.

Motions to dismiss the complaints are denied, and the applications for injunction pendente lite are granted. Complainant in each case to file bond for $250. It is to be regretted that the engagements of the court were such as to delay for so long a time the decision on these motions. The calendar is now in such condition that a speedy trial and decision of the issues may be had. Inasmuch as the government now has a lien on the property through levy, bonds for the above-named amounts ought to protect its interests.

Orders may be drawn accordingly.