## CONGRESSIONAL COUNTRY CLUB v. UNITED STATES.
### No. K–541.

Court of Claims.
Nov. 3, 1930.

Benjamin B. Pettus, of Washington, D. C. (H. B. McCawley, Wilton H. Wallace, and Colladay, Clifford & Pettus, all of Washington, D. C., on the brief), for appellant.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Charles P. Sisson, of Providence, R. I., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

This suit is for the recovery of $1,578, representing taxes imposed by sections 801 and 802 of the Revenue Act of 1921 (42 Stat. 291), equal to 10 per cent. of the dues collected from active annual members, as to the number of its life members, which tax plaintiff collected from its said life members for the period September 28, 1923, to January 26, 1924; and $7,515.44, a like tax imposed by the Revenue Act of 1924 collected from its life members for the period February 25, 1924, to January 27, 1925.

Plaintiff contends in support of its claim that such tax should be refunded, that section 801 of the Revenue Act of 1921, 42 Stat. 227, 291, and section 501 of the Revenue Act of 1924, 43 Stat. 253 (26 USCA § 872), so far as they impose or attempt to impose a tax upon such life members, are unconstitutional and in violation of sections 2 and 9 of article 1 of the Constitution of the United States, and therefore void.

It is argued by plaintiff that the tax in question is a direct tax and, as such, must be apportioned among the several states according to population and that, not having been so apportioned, is unconstitutional.

Defendant demurs to the petition on the ground that it does not state a cause of action against the United States.

Plaintiff is a District of Columbia corporation not organized for profit but for social and athletic purposes. In conformity with the provisions of section 802 of the Revenue Act of 1921 and the regulations of the Commissioner of Internal Revenue, the plaintiff; during the period September 1, 1923, to February 1, 1924, collected from its life members as a tax imposed by the aforementioned section amounts equal to 10 per cent. of the dues collected from active annual members and made monthly returns and payments of the amounts so collected from its life members to the collector of internal revenue for the district of Maryland.

Many of the plaintiff's life members did not within the period of time specified herein or at any other time avail themselves of the privilege of using the club or its facilities.

For the period above mentioned the plaintiff made payments to the collector of $1,128 on September 28, 1923, $189 on October 26, 1923, $66 on November 26, 1923, $33 on December 27, 1923, and $162 on January 26, 1924.

July 29, 1927, the plaintiff filed a claim for refund for the total of the amounts so paid, with interest. The Commissioner of Internal Revenue rejected the claim on December 20, 1927.

In conformity with the provisions of section 802 of the Revenue Act of 1921 and of section 502 of the Revenue Act of 1924 (26 USCA § 873), and the regulations of the commissioner, plaintiff, during the period February 1, 1924, to February 1, 1925, collected from its life membership as a tax imposed by the aforementioned sections amounts equal to 10 per cent. of the dues collected from its active annual members and made monthly returns and payments of the amounts so collected from its life membership to the collector of internal revenue. The

payments were made on the dates and in the amounts following:

| | |
|---|---|
| February 25, 1924 | $3,220.00 |
| March 26, 1924 | 1,790.20 |
| April 25, 1924 | 367.46 |
| May 27, 1924 | 50.00 |
| June 25, 1924 | 30.00 |
| July 26, 1924 | 23.00 |
| August 28, 1924 | 1,365.12 |
| September 29, 1924 | 349.02 |
| October 31, 1924 | 166.92 |
| November 28, 1924 | 94.07 |
| December 20, 1924 | 20.85 |
| January 27, 1925 | 38.80 |
| | $7,515.44 |

February 15, 1928, plaintiff filed a claim for refund of $7,515.44, with interest, which claim was rejected by the commissioner August 9, 1928.

Sections 801 of the Revenue Act of 1921 and section 501 of the Revenue Act of 1924 impose a tax equivalent to 10 per cent. of any amount paid on or after January 1, 1922, for any period after such date, as dues or membership fees (where the dues or fees of an active resident annual member are in excess of $10 per year) to any social, athletic, or sporting club or organization; or as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees (not including initiation fees) of an active resident annual member are in excess of $10 per year. These sections further provide that, "In the case of life memberships a life member shall pay annually, at the time for the payment of dues by active resident annual members, a tax equivalent to the tax upon the amount paid by such a member, but shall pay no tax upon the amount paid for life membership." By the following sections of these acts it is made the duty of the club or organization having life members to collect from such members the amount of the tax so imposed and to remit the same to the collector of internal revenue, as in the case of the tax imposed upon membership dues and fees.

■ We are of opinion that the demurrer is well taken and that there is no merit in the claim of the plaintiff that the tax imposed in respect of life membership is a direct tax and, therefore, unconstitutional. The tax which plaintiff seeks to recover is not a direct tax but an excise tax exacted with respect to the enjoyment of a privilege. The fact that some life members do not take advantage of the social and athletic features of the club granted by such membership does not affect the power of Congress to lay an excise tax upon such membership and upon the privileges of the member.

■ We think the tax here in question was within the power of Congress to impose without apportionment as to population. Hylton v. United States, 3 Dall. 171, 1 L. Ed. 556; Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 558, 15 S. Ct. 673, 39 L. Ed. 759; Nicol v. Ames, 173 U. S. 509, 19 S. Ct. 522, 43 L. Ed. 786; Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969; Thomas v. United States, 192 U. S. 363, 24 S. Ct. 305, 48 L. Ed. 481; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Bromley v. McCaughn, 280 U. S. 124, 50 S. Ct. 46, 74 L. Ed. 226; McCaughn v. Williams (C. C. A.) 23 F.(2d) 840.

Plaintiff relies upon Pollock v. Farmers' Loan & Trust Co., supra, but that case does not support the contention of the plaintiff that the sections of the revenue acts of 1921 and of 1924 imposing the tax here in question are unconstitutional. The demurrer is therefore sustained, and the petition is dismissed. It is so ordered.