BUNKER HILL COUNTRY CLUB v. UNITED STATES.

No. 42005.

Court of Claims.

Dec. 3, 1934.

Arnold R. Baar and Herman T. Reiling, both of Chicago, Ill. (KixMiller, Baar & Hoffman, of Chicago, Ill., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is an action to recover the sum of $22,944 with interest, the principal sum being the amount paid by plaintiff from May 31, 1927, to December 31, 1930, as a tax on initiation fees and dues, and for which a claim of refund was filed and rejected.

The facts established by the evidence are different from those in any other case that we have had before us, and, so far as we know, from those considered by any other court. The issue to be determined is new, although it is quite likely that similar facts exist in many instances where no legal controversy has arisen.

The plaintiff is a corporation organized under the statute of Illinois in relation to corporations for pecuniary profit. The declared purpose of this organization was to construct, own, and operate a golf club for

the use and benefit of the public generally, also to operate a clubhouse restaurant, locker rooms, and garage in connection therewith, and to conduct amusement enterprises in all of the branches pertaining thereto. The provisions of its numerous by-laws so far as material to a decision of the case are set out in finding 2 and will be summarized further on in this opinion.

It is contended on behalf of plaintiff that although it bore the name of a club, the corporation was not in fact a club, but merely a profit-seeking concern. This is true if we consider the corporation in the abstract and the corporate entity by itself and alone, but this fact does not settle the case. The tax is not upon the corporation, but, as we said in effect in Congressional Country Club v. United States, 44 F.(2d) 266, 71 Ct. Cl. 161, upon a privilege, and it applies to dues or membership fees required of the members of a club or organization. We need not determine whether there was a club in the strict sense of the term, as it is sufficient if there was an organization and upon that point we think the evidence leaves no doubt. It is not easy to make a comprehensive and exact definition of the words "organize" and "organization." Even the dictionary gives us definitions only in very general terms, and we shall not attempt to define the words. Yet we have no doubt that there was an organization as the term is generally understood and as Congress intended to use it. The playing members formed a distinct class by themselves separate from the general public who had no right to use the golf course or any of its facilities or any other right pertaining thereto. They also stood in a distinct relation to each other and made themselves subject to rules and regulations affecting the use of the golf course. They had the special privilege of using the golf course which was made the more valuable by limiting the membership to three hundred members with the obvious purpose that the golf course should not be overcrowded. The president, Andresen, appointed a membership committee from the playing members which under the by-laws as amended was charged with the duty of passing on the applications for membership, but Andresen seems to have largely controlled the matter. It was in fact an exclusive club or organization, although not so exclusive as some. The fact that the playing members seldom or never exercised all of their rights and privileges is immaterial. They were associated together for the common purpose of engaging in a sport with special privileges and facilities which made its exercise more agreeable. The fact that they had no property rights in connection with the corporation does not affect the question now before us.

It must also be said that the sporting features connected with the "club" were not merely incidental but were absolutely essential to the existence of the club and the by-laws or regulations to which the playing members submitted themselves were necessary to make it attractive.

Under all of the circumstances recited above, we are clear that the dues and initiation fees in question were taxable and that as plaintiff collected them it was liable for the tax.

It might also be said that while there is no evidence of any purpose to evade taxation in the plan and scheme under which the club was operated, if plaintiff's contention should be sustained it would seem that the plan adopted afforded an easy method of escaping the tax.

It follows that plaintiff's petition must be dismissed, and it is so ordered.