WALLING, Administrator of the Wage and Hour Division, United States Department of Labor, v. ALABAMA PIPE CO.

No. 1273.

District Court, W. D. Missouri, W. D.

Nov. 19, 1942.

Warner W. Gardner and Roy C. Frank, both of Washington, D. C., and Kenneth P. Montgomery, Frederick M. Seltzer, and James H. Snyder, U. S. Department of Labor, all of Kansas City, Mo., for plaintiff.

James S. Simrall, R. B. Caldwell, and Stanley Garrity, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The question presented for decision in the above case is whether the petition or claim is sufficiently full and complete to apprise the defendant of its nature and purpose. The action is brought by the administrator to enjoin the defendant from violating section 215, Title 29 U.S.C.A. Such proceeding is authorized by section 217 of said Title 29 U.S.C.A., as follows: "The district courts of the United States * * * shall have jurisdiction, for cause shown, * * * to restrain violations of section 215 of this title."

Adverting to section 215, the following acts are prohibited: the transportation or sale in commerce of any goods "in the production of which any employee was employed in violation of * * * section 207 of this title."

Section 207 Title 29 U.S.C.A. relates to the maximum hours prescribed by the Fair Labor Standards Act. It is alleged in the petition or claim of the administrator that the defendant is engaged in the production of goods for interstate commerce and that many of its employees so engaged in its behalf have worked overtime without being compensated as required by said act.

By its motion for a bill of particulars the defendant seeks to have the plaintiff specify and name the employees who have thus worked overtime in violation of said section 207 without having been duly compensated.

Other facts, as they may become pertinent, will be stated in the course of this memorandum opinion.

1. As a postulate for the further consideration of the case it must be kept in mind that originally a motion for a bill of particulars was unknown in equity practice. However, under former rules of equity in the federal court a complainant might be required to make a more definite and particular statement of his cause of action. This did not change the fundamental rule, however, that ordinarily such motions were not justified.

In City of St. Louis v. Knapp Co., 104 U.S. 658, loc.cit. 661, 26 L.Ed. 883, Mr. Justice Harlan, for the Supreme Court, followed the principle which through the years has stood as an unchangeable rule.

After stating the contents of the bill under consideration, the court said: "This is not, as ruled by the Circuit Court, merely the expression of an opinion or apprehension upon the part of the city, but a sufficiently certain, though general, statement of the essential ultimate facts upon which the complainant rests its claim for relief. It was not necessary, in such a case, to aver all the minute circumstances which may be proven in support of the general statement or charge in the bill. While the allegations might have been more extended, without departing from correct rules of pleading, they distinctly apprise the defence of the precise case it is required to meet. There are some cases in which the same decisive and categorical certainty is required in a bill in equity as in a declaration at common law. * * * But, in most cases, general certainty is sufficient in pleadings in equity."

■ 2. The practice in this court, both in law and equity even under the new rules, is not to require statements of evidence in the pleadings. A complaint or bill in equity is sufficient if it states ultimate facts and, in doing that, the petitioner is not required to set out the details and circumstances comprised within the complaint, or which circumstances or details would go to prove the case.

"Mere evidentiary facts need not be pleaded, and if they alone are pleaded without the ultimate fact which they tend to prove the bill is defective." 30 C.J.S., Equity, § 219, p. 675; Chicago & N.W. Ry. Co. v. Bauman, 8 Cir., 69 F.2d 171; Securities and Exchange Commission v. Universal Service Ass'n, 7 Cir., 106 F.2d 232.

■ The new rules do not abrogate the requirement as expressed in former equity rules that the pleader shall make a short and simple statement of the ultimate facts on which plaintiff asks relief, omitting any mere statement of evidence.

■ 3. The defendant bases its motion upon that provision of paragraph (e) of Rule 12 of the present rules of this court, 28 U.S.C.A. following section 723c, as follows:

" * * * a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial."

The language "or to prepare for trial" has been, in effect, eliminated from this rule. Tully v. Howard et al., D.C., 27 F.Supp. 6, and many cases following the rule of Judge Hulbert of the Southern District of New York. See also Mr. Holtzoff's admirable commentary on the New Federal Procedure and the Courts, page 38.

Under the discovery rules it will be entirely permissible for the defendant to ascertain the precise facts which it now seeks to have incorporated in the pleadings. The only question, therefore, is whether the complaint of the administrator is sufficient without further detail.

■ 4. It is charged in the complaint after proper jurisdictional averments, that the defendant is violating a named section of the statute and the nature of such violations is carefully set out. After averring that the defendant was engaged in interstate commerce and subject to the Fair Labor Standards Act it is charged that the defendant is engaged in violating those provisions of the Fair Labor Standards Act which require extra compensation for overtime work. This is sufficient. It is a concise statement of an ultimate fact. The plaintiff should not be burdened with the necessity of giving to the defendant its evidence in its complaint. The defendant can easily ascertain these facts without resort to the expedient of asking the plaintiff to incorporate such details in his complaint either by direct interlineation or by supplemental complaint. Under the discovery rules ‚it is permissible for either party to ascertain even the names of witnesses intended to be used. The rule with respect to particulars is made to apply to equity because of the fact that the forms of procedure have been abolished. It is utterly impossible to change the principles of equity so as to obliterate them. Such principles still require language not ordinarily employed in law cases.

In 49 C.J. p. 626, § 888, it was there broadly stated that "a bill of particulars has been held not to be required in a suit in equity, since the forms of pleading in such a court are such as to furnish in most cases all the information necessary to prepare for trial."

The motion for a bill of particulars such as this is, in effect, condemned in Moore's Federal Practice Under the New Federal Rules. Section 12.07, pp. 656 and 657, as follows: " * * * Such motions no doubt have been useful in securing in-

formation which would lessen surprise. But they result in additional or supplementary pleading, and at best are inefficient methods of securing accurate pretrial information. These can best be obtained under the rules on depositions and discovery * * *."

An inspection of the present complaint would disclose no reason why the defendant could not interpose a proper answer, without first being apprised of the proof the complainant must have to support his complaint.

The motion for a bill of particulars will be overruled. And it is so ordered.